**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CINDY DELL,**

               **Plaintiff,**                      1:11-cv-1034
                                                       (GLS)

                     v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security**,**

               **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Empire Justice Center<br>119 Washington Avenue<br>2nd Floor<br>Albany, NY 12210 | LOUISE MARIE TARANTINO,<br>ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | REBECCA H. ESTELLE<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Cindy Dell challenges the Commissioner of Social Security's denial of her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) Currently pending is the Commissioner's motion to remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*See* Dkt. No. 18.) For the reasons that follow, the Commissioner's motion is granted.

## II. Background

In February and April 2008, Dell who suffers from, among other things, migraines and anxiety disorder, filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging disability since April 2, 2006. (*See* Tr.[1] 13, 94-105.) After her applications were denied, Dell requested a hearing before an Administrative Law Judge (ALJ), which was held on January 26, 2010. (*See id.* at 27-44, 48-53, 56-57.) On February 26, 2010, the ALJ issued a decision denying the requested benefits, which

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 8.)

2

became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (See Tr. at 86-93.)

Dell commenced the present action by filing her Complaint on August 30, 2011, wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 12, 18.)

## IV. **Facts**

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 12 at 2-15; Dkt. No. 18 at 1-2.)

## III. **Discussion**

The Commissioner now moves to have this action remanded for a rehearing pursuant to the fourth sentence of 42 U.S.C. § 405(g), asserting that the ALJ erred in weighing medical opinion evidence and determining Dell's residual functional capacity. (*See* Dkt. No. 18 at 2-6.) Dell does not oppose the motion, and agrees that remand is appropriate. (*See* Dkt. No. 21 at 1.) She requests, however, that this court limit the scope of remand. (*See id.* at 1-4.) While her appeal of the ALJ's unfavorable decision was pending, Dell filed another application for disability benefits. (*See id.* at 1-

2.) In a revised determination issued in May 2012, the Commissioner approved that application, finding a disability onset date of February 27, 2010, the date after the ALJ's denial of her first set of applications. (*See* Tr. at 7-26; Dkt. No. 21-1 at 1-2.) Dell now seeks an order limiting the scope of remand to the question of her disability prior to February 27, 2010. (*See* Dkt. No. 21 at 1-4.)

Notably, 20 C.F.R. §§ 404.987(b) and 416.1487(b) provide that the Commissioner may reopen and revise a final determination or decision on his own initiative. Specifically, the Commissioner may reopen a determination or decision within twelve months of the date of the notice of the initial determination "for any reason," within four years of the date of the notice of the initial determination for "good cause," or at any time if certain conditions are present. 20 C.F.R. §§ 404.988(a)-(c), 416.1488(a)-(c). Here, it appears that Dell seeks to prevent the Commissioner from reopening her second claim for benefits and consolidating it with her first claim upon remand. *See Davis v. Astrue*, No. 10-cv-404-PB, 2011 WL 5006936, at *1-2 (D.N.H. Oct. 20, 2011). Given that no appeal from her second claim has been taken, "[t]he court lacks jurisdiction over the subsequent award of benefits." *Encarnación v. Astrue*, 724 F. Supp. 2d

4

243, 245 (D.P.R. 2010); see Baker v. Sullivan, 880 F.2d 319, 320-21 (11th Cir. 1989); Gay v. Astrue, No. CA 07-403 M, 2008 WL 2004228, at *1 n.1 (D.R.I. May 8, 2008).  Accordingly, Dell's request for an order limiting the scope of review on remand to the question of disability prior to February 27, 2010 must be denied.  Indeed, the court does not have jurisdiction to either authorize or preclude the Commissioner from reopening Dell's second claim for benefits.  See Davis, 2011 WL 5006936, at *2.

## IV. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Commissioner's motion to remand pursuant to the fourth sentence of § 405(g) (Dkt. No 18) is **GRANTED**.

**IT IS SO ORDERED.**

November 21, 2012
Albany, New York

*[signature]*
Gary L. Sharpe
Chief Judge
U.S. District Court